1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9

10

VHALARRIE S.,

11

                    Plaintiff,

              v.

CASE NO. 3:24-CV-5144-DWC

12

COMMISSIONER OF SOCIAL
SECURITY,

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

13

14

                    Defendant.

15        Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of Defendant's

16  denial of her applications for supplemental security income benefits ("SSI") and disability

17  insurance benefits ("DIB").[1] After considering the record, the Court concludes the

18  Administrative Law Judge ("ALJ") erred by incorporating an insufficiently specific limitation in

19  Plaintiff's residual functional capacity ("RFC"). Because the ALJ included this vague limitation

20  in the hypothetical presented to the vocational expert ("VE"), this Court cannot determine

21  whether the VE's testimony accurately reflected Plaintiff's capabilities. The ALJ's error is,

22

23

24

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

therefore, not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for further proceedings consistent with this order.

## I.      Factual and Procedural History

Plaintiff filed claims for DIB and SSI in November 2021. Dkt. 9, Administrative Record ("AR") 224–39. Her applications were denied at the initial level and on reconsideration. AR 88– 89, 128–29. She requested a hearing before an ALJ, which took place on July 28, 2023. AR 43– 67, 166–67. Plaintiff was represented by counsel at the hearing. *See* AR 43. On October 27, 2023, the ALJ issued an unfavorable decision finding Plaintiff not disabled from July 7, 2021, through the date of the decision. AR 20–41. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 7–12, 222–23. Plaintiff appealed to this Court. *See* Dkts. 1, 4.

## II.     Standard of Review

When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court may set aside the denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

III.    **Discussion**

Plaintiff contends the ALJ erred by formulating an ambiguous RFC and by accepting VE testimony based on this vague limitation. Dkt. 11 at 1. She asserts the proper remedy for these errors is remand for further proceedings. *Id.*

In determining a claimant's RFC, the ALJ must assess all the evidence in the record to determine the most a claimant can do in a work setting despite their limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). "[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). "It is incumbent on the ALJ to make specific findings so that the court need not speculate as to the findings." *Sackett v. Berryhill*, No. 2:17-CV-00223-GWF, 2019 WL 1787337, at *10 (D. Nev. Apr. 24, 2019) (citing *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981)). "An incomplete RFC assessment that fails to accurately describe all of a claimant's limitations cannot be said to be supported by substantial evidence." *Matthew M. v. Comm'r of Soc. Sec.*, No. 3:22-CV-5786-DWC, 2023 WL 3966402, at *3 (W.D. Wash. June 13, 2023) (citing *Ghanim v. Colvin*, 763 F.3d 1154, 1166 (9th Cir. 2014)).

In the decision denying benefits, the ALJ found Plaintiff had the severe impairments of cataracts and monocular vision, among others. AR 26. The ALJ concluded Plaintiff had the RFC to perform sedentary work with certain additional limitations. AR 31. Regarding Plaintiff's vision, the ALJ wrote that she had "limited near acuity, far acuity, and vision field with the left eye." *Id.* Based on the testimony of a VE, the ALJ found Plaintiff could perform her past relevant work as a case worker as generally performed in the national economy. AR 35.

At the hearing, the ALJ presented the VE with a hypothetical individual with Plaintiff's age, education, and work history who could perform sedentary work with certain additional

1    limitations, including that "[t]he individual has limited near acuity, far acuity, and vision field in

2    the left eye." AR 63. When asked whether this individual could perform any of Plaintiff's past

3    work, the VE responded:

4         [T]he case worker would require constant near acuity. And so, my question there
          would be would the right eye, she would be able to perform— . . . the case worker
5         job could be performed if she could use her—the right eye to perform the visual
          work. The case worker job is a sedentary job and so as long as she could use the
6         walker to go to the place where she's doing the work, then that job could also be
          performed. So, under that hypothetical[,] I would say that the case worker [job]
7         could be performed.

8    AR 64. When asked whether his testimony was consistent with the Dictionary of Occupational

9    Titles ("DOT"), the VE responded:

10        [T]he [DOT] does not specifically define climbing factors or the foot control
          specifics. It also doesn't require the use of a two-wheel walker. And my answer[s]
11        based on those issues are related to my over 30 years of experience in the field. But
          everything else is consistent with the DOT.

12   AR 65. Plaintiff's counsel inquired whether the DOT separated the vision fields from left and

13
     right, and the VE answered:
14
          No, it does not. My answer in the hypothetical is based, again, as I had mentioned,
15        was assuming that she could use her right eye to perform the sedentary work
          demands. So, that—when I brought that issue as being a concern. But, you know,
16        in my interpretation that fits within the hypothetical.

17   *Id.*

18        "Hypothetical questions posed to a VE must 'set out *all* the limitations and restrictions of

19   the particular claimant[.]" *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir.

20   2009) (quoting *Russell v. Sullivan*, 930 F.2d 1443, 1445 (9th Cir. 1991)). "If the assumptions in

21   the hypothetical are not supported by the record, the opinion of the vocational expert that

22   claimant has a residual working capacity has no evidentiary value." *Embrey v. Bowen*, 849 F.2d

23   418, 422 (9th Cir. 1988) (quoting *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984)).

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

1      Here, the ALJ presented the VE with a hypothetical matching the limitations included in
2 the RFC. However, the visual limitation in the RFC does not specify the extent to which
3 Plaintiff's near acuity, far acuity, and vision field are limited in her left eye, nor does it clarify
4 any effect of this limitation on Plaintiff's overall vision capabilities. The VE emphasized that his
5 assessment that Plaintiff could perform the case worker job was based on the assumption that
6 Plaintiff could use her right eye alone to perform the requisite visual work. In the written
7 decision, the ALJ acknowledges evidence in the record that Plaintiff experienced double vision,
8 which only partially resolved when she covered her left eye. AR 33, 1012. But the ALJ's
9 decision does not address whether the record specifically supports the assumption that Plaintiff
10 could use her right eye alone to perform the requisite visual work. The VE's testimony did not
11 address whether Plaintiff would be able to perform the case worker job under these conditions.

12      Because the VE was presented with a vague hypothetical and based his testimony on a
13 dubious assumption, the Court cannot determine whether the VE's testimony accurately reflected
14 Plaintiff's capabilities. Therefore, the error was not harmless, and remand is required.

15 **IV.     Conclusion**

16      Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded
17 Plaintiff was not disabled beginning July 7, 2021. Accordingly, Defendant's decision to deny
18 benefits is reversed and this matter is remanded for further administrative proceedings in
19 accordance with the findings contained herein.

20      Dated this 19th day of September, 2024.

David W. Christel
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 5